**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4817**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSUE VILLALTA, a/k/a Walter Alberto Sanchez,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:14-cr-00195-DKC-1)

Submitted: June 17, 2015          Decided: September 8, 2015

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Paresh S. Patel, Appellate Attorney, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland; Sujit Raman, Chief of Appeals, Greenbelt, Maryland; Leslie Caldwell, Assistant Attorney General, Sung-Hee Suh, Deputy Assistant Attorney General, James I. Pearce, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Josue Villalta pled guilty to illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) (2012), and was sentenced to 13 months' imprisonment and 3 years of supervised release. The only issue Villalta raises on appeal is a challenge to the district court's finding that he had previously been convicted of an "aggravated felony," triggering an eight-level enhancement under the U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C) (2013), and resulting in a Sentencing Guidelines range of 15 to 21 months. We dismiss the appeal as moot.

During the pendency of this appeal, Villalta was released from imprisonment. Accordingly, his arguments challenging the district court's imposition of the 13-month prison term are moot. Cf. United States v. Hardy, 545 F.3d 280, 284-85 (4th Cir. 2008) (noting that appellant's release from prison during pendency of appeal mooted challenge to revocation of supervised release and imposition of prison sentence); see Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[W]hether we are presented with a live case or controversy is a question we may raise sua sponte since mootness goes to the heart of the Article III jurisdiction of the courts." (internal quotation marks omitted)). Villalta does not challenge either his conviction or the district court's imposition of supervised release.

Accordingly, we dismiss the appeal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED